## DAVID DYER *versus* NATHAN L. WOODBURY.

As the statute is peremptory, that the penalty of a poor debtor's bond shall be "in double the sum for which he is arrested or imprisoned," an officer cannot be held to have performed his duty, if he takes a bond otherwise.

But by the provisions of the poor debtor act of the Rev. Stat. (c. 148, § 43,) the creditor cannot recover of the officer, for such failure of official duty, "to a greater extent than the damage actually sustained by him thereby."

The officer who arrests a debtor upon an execution, is bound to accept a bond, made in all respects in conformity to the true intent and meaning of the statute, with sufficient surety or sureties approved as the statute requires, but still is bound to act in good faith, as well towards one party as the other; and if he knew or had good reason to believe that a fraud had been practised, and that the sureties in the bond tendered to him by the execution debtor were utterly worthless, he would not be bound to receive it, although the sureties were approved by two justices; and should he knowingly accept such bond, and thereupon liberate the debtor, he would be guilty of a breach of official duty.

In an action of the case against an officer for neglect of official duty, the plaintiff can recover but the amount of damages actually sustained.

THE return of Waterhouse, a deputy of the defendant, upon the execution in favor of the plaintiff against Daniel Burnham and David Webster, was — "March 8, A. D. 1844. I arrested the within named Daniel Burnham, who thereupon gave the bond which is hereunto annexed as the statute requires, and was discharged from the arrest.

"J. M. Waterhouse, Dept. Sh'ff."

The balance due on the execution, at the time of the arrest, with interest and officer's fees, was $5,221,63, and the penalty of the bond was in the sum of ten thousand dollars.

The facts are given in the opinion.

*W. P. Fessenden* argued for the plaintiff, citing *Clap* v. *Cofran,* 7 Mass. R. 98; *Winthrop* v. *Dockendorff,* 3 Greenl. 161; and *Howard* v. *Brown,* 21 Maine R. 385.

*Howard & G. F. Shepley* argued for the defendant, citing *Carey* v. *Osgood,* 18 Maine R. 152; *Cunningham* v. *Turner,* 20 Maine R. 435; and *Horn* v. *Nason,* 23 Maine R. 101.

The opinion of the Court was by

WHITMAN C. J. — This is an action of the case against the sheriff of this county, for an alleged misfeasance of his deputy, Joshua M. Waterhouse. The declaration contains three counts; one for suffering an escape of a debtor of the plaintiff's, while under an arrest on execution for the debt; one for a false return of the deputy of his doings on the same execution; and one for arresting the debtor thereon, and suffering him to go at large, without taking a bond as provided in the Rev. Stat. c. 148, § 20. The right to recover upon either of these three modes of stating the plaintiff's case depends upon the state of facts, as contained in the report of the Judge. In substance the allegation is, that the deputy, on an execution in favor of the plaintiff, arrested Daniel Burnham, the debtor therein, and suffered him to escape, without taking bail as prescribed in the section of the statute above cited.

It appears that the deputy did arrest the debtor, as alleged, and took a bond, as provided in the section cited; excepting that it was not in double the amount of the sum requisite to satisfy the execution; and with the exception, also, that the sureties in the bond were utterly worthless; and thereupon liberated the debtor. The bond, however, was approved, as to the sureties, by two disinterested justices of the peace, both being of the quorum, as required in said section.

Under the section cited, we think the deputy should have refused to accept the bond, as it was not in double the amount requisite to satisfy the execution. The statute is peremptory, that it should be so; and no officer can be holden to be perfectly blameless in taking a bond otherwise.

It is insisted, however, on the part of the defendant, that he is exonerated by the force of § 43 of said statute. That section provides, that if the officer, taking a bond from a debtor under arrest upon execution, shall, " from mistake, accident or misapprehension," take a bond in a penal sum less or greater than the sum required by law, that the same shall, nevertheless, be valid; and that the officer taking it " shall not be responsible to either party to a greater extent than the damage actually

sustained by him thereby." This provision clearly contemplates, that the officer, so doing, is guilty of a misfeasance; and only guards against a recovery of damages against him, beyond the actual injury sustained from his failure in the discharge of his duty. This provision in the statute was, doubtless, made in view of the principle, that in an action of debt for a voluntary escape, the creditor would be entitled to recover the amount of his debt. If the officer, in such case, should, by accident, mistake or misapprehension, take a bond, not in the amount required, the provision would, doubtless, relieve him from such liability. But the present is an action of the case, in which the plaintiff can recover only the damage he may actually have sustained. It becomes, therefore, unnecessary to inquire, whether the bond was taken in less than double the amount required, "from mistake, accident or misapprehension."

It is insisted further, on the part of the defendant, that the bond taken by the deputy has been accepted by the plaintiff; and that, therefore, he cannot now complain of its not having been taken in conformity to law. But the case does not furnish evidence of that fact. The acts relied upon to establish this point in the defence, were wholly unauthorized by the plaintiff; and, as soon as his agent became apprized of them, they were disavowed. Mr. Fessenden, at the time he did the acts alluded to, had not been retained as the attorney of the creditor; and was not such in the original suit. But if the creditor had in fact authorized a suit to be commenced on the bond, we are not to be understood as admitting, that it would have been, of itself, a waiver of any claim against the defendant for the misfeasance of his deputy. If he had been successful in obtaining satisfaction of his debt, by a suit upon his bond, it might be very reasonable that he should not prosecute for the misfeasance.

It is insisted further, on the part of the plaintiff, that the deputy was bound to see, that the sureties were responsible; and that he was culpable if they were not so, notwithstanding the approval by the justices. The provision in the statute is,

that, "whenever any debtor, arrested or imprisoned on execution, shall give bond to the creditor, with sufficient surety or sureties, to be approved in writing by the creditor, or any two justices of the peace and of the quorum, he shall be released from his arrest and imprisonment." The officer, therefore, who may make such an arrest, is bound to accept of a bond made in all respects in conformity to the true intent and meaning of the statute, with sufficient surety or sureties, approved, &c. A bond taken without the approval would be good against those who had executed it, if the creditor should think proper to accept it. The object of having an approval of the sureties by two justices is, doubtless, twofold ; first to protect the officer against the claim of the creditor, in case the sureties should prove insufficient ; and secondly, to prevent oppression, on the part of the officer, by captiously objecting to the sufficiency of the sureties. The officer, however, is bound to act in good faith, as well towards one party as the other. It would seem scarcely reconcilable with such an obligation, that he should be utterly regardless of the sufficiency of the sureties, and yield to a palpable violation of law, on the part of the approving justices. In this case it cannot be questioned, that the justices were guilty of a most flagrant disregard of duty. They approved of one as sufficient, who had been a town pauper ; and of another, who was, not only utterly destitute of property, but was, at the time of executing the bond, a minor, as the sureties in a bond for ten thousand dollars. An officer knowing, or having good reason to believe such to be the facts, in reference to a bond, tendered to him by a debtor in execution, could not be bound to receive it, though the sureties should be approved of by two justices. It would be a fraudulent attempt, which he should resist. In this instance the debtor, Burnham, knew, unquestionably, that he was practising a gross imposition, deliberately contrived ; and the justices can hardly escape from the suspicion of having colluded with him in the contrivance. Before certifying they were bound to know, or to possess themselves of knowledge, that the individuals, they would certify to be sufficient, were actually so, at

least in appearance. In this instance there could not have been the slightest appearance of property in either of the sureties. It would be monstrous to say, that an officer would be bound to accept from a debtor a bond under such circumstances. And, if an officer were knowingly to accept of a bond, so prepared, and thereupon liberate the debtor he would be guilty of a breach of official duty, for which he would be responsible to the creditor ; and we can but think it a duty incumbent upon officers to be watchful against any such practices.

In the case before us, however, there is not any decisive evidence, that the defendant's deputy was placed upon his guard against imposition of the kind alluded to, or that he ought to have been apprehensive of any thing of the kind, or that he had any other knowledge of the sufficiency of the sureties than what the certificate of the justices afforded. We do not feel, therefore, authorized to adjudge the defendant to be liable to the plaintiff upon this ground.

The taking of the bond, without conforming in strictness to the provisions of the statute, and, thereupon, liberating the debtor, forms the only legitimate cause of action to be relied upon by the plaintiff. The liberation of the debtor, under such circumstances, was tantamount to a voluntary escape, permitted by the officer unjustifiably. Whatever damage the plaintiff has sustained therefrom, he is entitled to recover. This being an action of the case, the whole amount of the plaintiff's demand against his debtor, would not be recoverable unless it should appear that his loss by reason of the misconduct of the deputy, would be to that amount ; and we cannot be satisfied from the evidence, that such will be the case. Although the escape took place by the permission of the officer, it was an escape on the part of the debtor, and when a debtor has escaped from an arrest upon an execution, the judgment upon which it issued will still remain in force against him. 3 Comyn, 647, Title Escape, E. It does not appear that the debtor is not now as responsible as when arrested and discharged. The damages to be assessed, therefore, must depend

upon the extra trouble which may have been occasioned by the arrest and the voluntary discharge of the debtor, which we estimate at fifty dollars; and judgment may be entered upon default for that sum.